Nathaniel T. Helman-, J.
Petitioner is the widow of a city detective who met his death on March 27, 1972, while engaged in the performance of his duties. On behalf of herself and her two children, aged 12 and 17, she has submitted to the Pension Bureau, of the Police Department, a petition for line of duty pension benefits. One of the theories upon which petitioner relies in the pending hearing before the bureau is that decedent’s death was not a suicide but a homicide in the line of duty.
By the present application, she seeks to inspect clothing worn by her husband at the time of his death; a signature card initially in the possession of the Property Clerk of the Police Department ; the bullet and firearm which were removed and found near the deceased on the date of his death, and all reports and memorandums prepared by the Police Department concerning the death of her husband. It is her claim that full disclosure is essential to the protection and preservation of her pension rights.
At the time of his death from a gunshot wound, the officer was wearing various articles of clothing which were never delivered either to the widow or to the undertaker who attended the decedent. Petitioner expressed an interest in examining the clothing in order to conduct a chemical analysis which might demonstrate the distance a firearm was held from the body of the decedent at the moment of firing, as related to the issue of suicide. The letter of response of the Deputy Chief Medical Examiner to petitioner’s request was to the effect that an employee of Kings County Hospital had “ unfortunately ” released the clothing without a signed receipt “ on this one occasion
A further attempt to examine the signature of the decedent on various records of the Police Property Clerk resulted in the assertion by the department that those records are now in the hands of Maurice Nadjari, Deputy Assistant Attorney-General of the 'State of New York, for use in a pending investigation. The department has, however, consented to an inspection of the bullet which entered the body of decedent, as well as any firearm found near his body on the day of his death, without, however, permitting such items to be removed from the custody and control of the Police Department.
A preliminary objection to the application for discovery of records is based on provisions of CPLB 3102 which state that disclosure to aid in bringing an action or to preserve information, *31 is limited to cases where 'an “ action” is contemplated. The term “ action ” has been defined in subdivision (b) of CPLR 105 to include special proceedings as further defined in article 4. The simple answer to respondent’s contention in this regard is that while a petition before the Pension Bureau is neither an action nor a special proceeding, an adverse determination by that bureau can certainly be the basis for an article 78 proceeding brought by petitioner to review the determination of the bureau.
Nor does the court find valid the contentions of respondent that sections 1114 and 1113 of the New York City Charter exclude the right of disclosure where police records are involved. While the language of both sections makes available to all taxpayers the records of any department of city administration “ except the police and law departments ”, a taxpayer’s action cannot be equated with a direct proceeding against the Police Department, by the estate of a former member to establish personal or property rights incidental to his police service.
Public scrutiny of departmental records has always been regarded as a fundamental privilege of citizens and taxpayers “ whether they have a special interest or not ”. (Matter of Egan v. Board of Water Supply, 205 N. Y. 147, 157.) The New York Legislature has enacted various statutes which define both the right of inspection and the manner of its exercise. Education Law (§ 144), Public Officers Law (§ 66), Judiciary Law (§ 255), and the General Municipal Law (§51) all contain provisions for unrestricted searches, examinations and the procurement of transcripts of public records. Of course, the general policy may be superseded by statutes restricting the right in specific areas where secrecy outweighs the public interest (Matter of Werfel v. Fitzgerald, 23 A D 2d 306; Kruger v. County of Nassau, 53 Misc 2d 166). But an indication of the modern trend toward examination of police records, notwithstanding restrictions, pointing at broad inspection by public minded citizens is contained in the comment of the court in Kruger v. County of Nassau (p. 166) where the court said, “ There is a strong legislative policy to make records kept in a public office available for inspection by persons having a legitimate interest in them which overrides the limitation in section 2207 of the County Government Law * * * concerning Police Department records.”
There are circumstances present, however, which prevent the grant of broad discovery rights to petitioner with respect to the records of the police. It appears that both the Deputy State Attorney-General and the police are presently engaged in an *32 extensive investigation concerning narcotics, stolen in large quantities from the Police Property Clerk’s office, and that the name of petitioner’s deceased husband appears on several receipts delivered to the Property Clerk. Questions as to the genuineness of decedent’s signature have been raised and the matter is presently under detailed study and investigation. To permit any incursion into these records at this time might well hamper the pending investigation.
In a recent discussion of the subject, the court in Matter of Winston v. Mangan (72 Misc 2d 280, 284) stated, “ The value of public disclosure must be weighed in terms of the benefits accruing to an informed citizenry against the dangers of airing confidential or privileged information. Right to know does not carry with it the right to harass, or to disrupt public operations unreasonably * * * public disclosure is subject to ‘ reasonable regulation ’ by the appropriate public officials. ’ ’
Petitioner’s request for discovery of such records as well as records relating to the manner of decedent’s decease must be denied at this time.
Petitioner’s motion will be granted to the extent that the Police Department will be directed to produce any articles of decedent’s clothing in its possession or under its custody and control for discovery and inspection in the presence of officials of the department, with leave to petitioner to make chemical tests as heretofore indicated. In the event that such articles of clothing are not in the possession of the department, petitioner shall be so advised, and if they are subsequently found or discovered, petitioner shall be promptly informed. Inspection of the bullet and firearms shall also be permitted as indicated in the affidavit of the Corporation Counsel, and the order to be entered hereon may so provide. The balance of the relief requested is denied without prejudice to :a renewal following the completion of the investigation now being conducted, as hereinabove indicated.