Leonard L. Finz, J.
This is an application by the defendant, City of New York, for a protective order, prohibiting the plaintiffs from obtaining any of the records of complaints and investigations of civilian complaints against one Robert Parker, police officer. These are records demanded to be produced in an examination before trial of the defendant by the Civilian Complaint Review Board.
The defendant pleads the confidentiality of these records citing three cases, all of them unreported except in the New York Law Journal. The earliest of these Olenick v City of New York (NYLJ, Sept. 22, 1960, p 10, col 5) was an action brought by reason of an assault alleged to have been committed on the plaintiff by a police officer. The court denied a discovery of the stenographic transcript of the investigation conducted by the police department on the ground that the said transcript was being used in an investigation. The second case, Meyers v City of New York (NYLJ, Feb. 7, 1962, p 14, col 7) involved a *566 similar set of facts and denied the production of police records on the ground that they were confidential, citing Olenick v City of New York (supra) and Brecht v City of New York (14 AD2d 790). The court, however, did permit the examination before trial of the police officer and directed the production of "all pertinent books and records solely for the purpose of refreshing the recollection of the witness”. The third case cited by the defendant, Gotsch v City of New York (NYLJ, May 23, 1967, p 18, col 2) cited the afore-mentioned cases and denied the production of the transcript of minutes of police department hearings on the ground that such minutes are "confidential and may not be subjected to a discovery proceeding”.
Brecht v City of New York (supra), decided October 16, 1961, denied, in a negligence action, the discovery and inspection of certain records of the police department concerning its vehicle involved in the accident, photographs taken at the scene and the statement of a passerby, apparently an eyewitness.
The approach to the question of access by the public to records heretofore considered to be confidential and unavailable for inspection has undergone a radical change. As far back as January 31, 1961 in Matter of New York Post Corp. v Moses (12 AD2d 243, 250) the court held: "Absent legislative prohibition, or the existence of a rule to the contrary, the legislative policy is to make available for inspection all records, papers and documents kept in a public office. Indeed, unless some overriding consideration of public policy forbids it, no other course under our practice and traditions is likely to afford the safeguards assured by the right of public inspection (cf. Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 686).”
In Matter of Nunziata v Police Dept. of City of N. Y. (73 Misc 2d 29, 31), in an action to determine the cause of death of the petitioner’s decedent husband, a police officer, the court declared:
"Nor does the court find valid the contentions of respondent that sections 1114 and 1113 of the New York City Charter exclude the right of disclosure where police records are involved. While the language of both sections makes available to all taxpayers the records of any department of city administration 'except the police and law departments’, a taxpayer’s *567 action cannot be equated with a direct proceeding against the Police Department, by the estate of a former member to establish personal or property rights incidential to his police service.
"Public scrutiny of departmental records has always been regarded as a fundamental privilege of citizens and taxpayers 'whether they have a special interest or not’. (Matter of Egan v. Board of Water Supply, 205 N. Y. 147, 157.)”
In order to remove all possible doubt as to the right of the public to have access to official records, the Legislature of the State of New York passed the Freedom of Information Law, also known as article 6 of the Public Officers Law. Section 85 thereof sets forth the legislative intent with such clarity that there should no longer be any doubt as to the right of the public or any individual member thereof to secure such governmental records as may be required to establish a right.
"The legislature hereby finds that a free society is maintained when government is responsive and responsible to the public, and when the public is aware of government actions. The more open a government is with its citizenry, the greater the understanding and participation of the public in government.
"As state and local government services increase and public problems become more sophisticated and complex and therefore harder to solve, and with the resultant increase in revenues and expenditures, it is incumbent on the state and its localities to extend public accountability wherever and whenever feasible.
"The people’s right to know the process of government decision-making and the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.
"The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free news media, should have unimpaired access to the records of government.”
Under the circumstances, it appearing that the objection of the defendant is founded upon rules long since discarded, the application herein is denied.