OPINION OF THE COURT
Shirley Wohl Kram, J.
The petitioner in this case was arrested for allegedly having sexual contact with a 13-year-old female by means of forcible compulsion. On March 23, 1977, the court granted the petitioner’s motion for an adjournment in contemplation of dismissal (ACD), with the consent of the Corporation Counsel, *352 and the arresting officer. On July 27, 1977 in Part B of the court, the petition was dismissed, but not on the merits. On September 16, 1977, the petitioner moved this court for an order to expunge all the court records regarding this case; for an order directing the Director of the New York City Department of Probation to expunge all mention of the petitioner; for an order directing the Commissioner of Police and the Chief of Police of the New York Housing Authority Police to expunge all mention of the petitioner; and for a declaration that the initial arrest is a nullity.
 This court believes that the records herein, should be sealed pursuant to CPL 160.50. The present case was ACD and later dismissed by this court. An adult whose case has been ACD in a criminal matter has the right to have his records sealed and his arrest made a nullity. This court hereby, adopts this procedure, in all juvenile delinquency cases. In the Matter of Gregory W. (19 NY2d 55) the Court of Appeals described a delinquency proceeding as one being quasi-criminal in nature. The court believes that the Gregory case (supra) establishes a precedent for adopting the CPL provisions regarding the sealing of records. Matter of Gault (387 US 1), Matter of Arthur M. (34 AD2d 761), Matter of Steven B. (30 AD2d 442), and Matter of William L. (29 AD2d 182) state that, a juvenile is entitled to no less protection than an adult charged with a crime under due process and equal protection standards.