■ HOWARD WALKER, an Infant, by His Natural Mother, REAVER WALKER, et al., Respondents, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, etc., defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated May 31, 1977, as, upon denying its motion for a protective order, directed it to produce all records of complaints and investigations by civilian complaints against Police Officer Robert Parker by the Civilian Complaint Review Board. Order reversed insofar as appealed from, without costs or disbursements, the first and second decretal paragraphs are deleted therefrom, and the action is remanded to Special Term for further proceedings consistent herewith. On August 31, 1973 Police Officer Robert Parker, while in civilian clothes, shot Howard Walker allegedly without any justification. Plaintiffs' action against defendant is premised on their allegations that defendant maintained in its employ an officer prone to violence with personality problems which were such that it knew, or should have known, made him unfit for police duty. By notice dated February 22, 1977, plaintiffs sought an examination before trial of defendant by the Civilian Complaint Review Board. The notice essentially provided that the party to be deposed produce "Any and all records of complaints and investigations thereon of civilian and other complaints" against Officer Parker made on or before August 31, 1973. Defendant sought a protective order and plaintiffs cross-moved, inter alia, to direct production of the records requested. Special Term, inter alia, ordered their production. On this appeal defendant contends that the order is overbroad and that section 87 (subd 2, par [e], cl iii; par [g]) of the Public Officers Law now in effect exempts the records sought from the requirement that they be made available to members of the public. We hold that whether former section 88 (subd 1, par a; subd 7, par d) of the Public Officers Law, or the current section 87 (subd 2, par [e], cl iii; par [g]) of the Public Officers Law is applied, the records are subject to disclosure. In our view the records plaintiffs seek should be considered to be in the nature of final opinions or determinations (cf. Matter of Westchester Rockland Newspapers v Mosczydlowski, 58 AD2d 234). Although there should be disclosure, we are not insensitive to the requirement that confidential sources and ongoing investigations not be endangered. While defendant's affirmations do not show that such a danger is present, the action is remanded to Special Term so that the court may examine the subject records in camera and direct disclosure of those portions of the records that will not identify a confidential source or disclose confidential information relating to a criminal investigation. Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur. [90 Misc 2d 565.]