OPINION OF THE COURT
Anthony J. Mercorella, J.
The nature of this proceeding is an application for a judgment pursuant to CPLR article 78 requiring the respondent, Commissioner of the New York City Department of Investigation, to permit petitioner to inspect and copy certain records of respondent’s department pertaining to a character investigation of petitioner. The investigation was conducted at the *454 request of the city’s Economic Development Administration in relation to petitioner’s proposal to construct and operate an amusement park in Brooklyn, New York. Petitioner alleges that on the basis of respondent’s report, the agencies of New York City have refused to proceed further with his proposal.
This petition was originally dismissed by Mr. Justice Asch denying the requested relief, but the judgment was reversed by the Appellate Division and remanded to this court for reconsideration.
In denying the previous application, that court stated that petitioner sought investigatory files compiled for law enforcement purposes, articles exempted from disclosure by the then section 88 (subd 6, par d) of the Public Officers Law. The Appellate Division held that under the now revised statute (Public Officers Law, §87, subd 2, par [e]), such files "must meet express criteria to be exempt from disclosure” and, therefore, a new determination is required.
At the direction of the Appellate Division, this court conducted an in camera inspection of the subject documents and, in applying the Public Officers Law as it now exists, makes the following determination.
To begin with, the transcript of petitioner dated February 27, 1967 does not fall within the purview of any of the exemptions enumerated in section 87 of the Public Officers Law. It is a document containing petitioner’s own testimony and, as such, is discoverable by petitioner.
On the other hand, the Organized Crime Control Bureau (OCCB) report is exempt from disclosure pursuant to section 87 (subd 2, par [e]) of the Public Officers Law. It is alleged that the information contained therein was not derived from any criminal investigation of the petitioner and that, therefore, such should be disclosed. The document originates from the commanding officer, Intelligence Section of the OCCB and is addressed to the police commissioner and its subject is an "investigation Re: Harold Glantz.”
The document, on its face, only suggests to be the result of the Economic Development Administration’s request. However, upon reading its contents, it is evident to this court that any disclosure would reveal "confidential information relating to a criminal investigation.” (See Walker v City of New York, 64 AD2d 980.)
While the report itself cannot be said to have been re *455 quested in a criminal investigation, the contents of same would, if disclosed, reveal numerous criminal activities of alleged organized crime figures, much of it admittedly hearsay but, nevertheless, useful in the work of the police department. The court must assume that police investigation of organized crime is one of a continuous nature and disclosure of this document would critically impede the same and could possibly result in harm to innocent individuals. Upon balancing the rights of petitioner with the legitimate needs of the respondent, this report must be considered exempt pursuant to section 87 (subd 2, par [e]) of the Public Officers Law.
Accordingly, the petition is granted as to the transcript dated February 27, 1967 and respondent is directed to make such document available to petitioner within 30 days of the date of publication of this order. The petition is denied as to the OCCB report and the proceeding as to this report is dismissed.
Respondent is further directed to reclaim the documents at 851 Grand Concourse, Bronx, New York.