OPINION OF THE COURT
Sheldon M. Rand, J.
Respondent moves this court for an order directing the New York City Transit Authority (hereafter "NYCTA”) to produce the personnel records of two transit policemen. The officers involved are the arresting officer, Police Officer Russel W., and one other officer participating in the arrest, Police Officer John T. Respondent makes this motion pursuant to the provisions of section 50-a of the Civil Rights Law.
It is alleged in the petition, Docket No. D-2141/79, that the respondent committed acts which if done by an adult would constitute the crimes of theft of services (Penal Law, § 165.15); resisting arrest (Penal Law, § 205.30); obstructing governmental administration (Penal Law, § 195.05); and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01). Respondent denies all the allegations and claims that he was unjustifiably beaten by the officers at the time of his arrest and while being taken to the police station. He also states that medical treatment was required as a result of these beatings. The respondent believes that information is contained in those personnel files indicating that these officers have previously engaged in like conduct.
The motion is opposed by the Corporation Counsel and by the NYCTA, the holder of the records.
Counsel for the NYCTA argues that the Family Court, as a court of limited jurisdiction, lacks the power to order the production of police personnel files.
There is no question in the court’s mind that the Family Court comes within the purview of the statute and does have the power to order the production of those records.
Though the juvenile delinquency proceeding is quasi-criminal in nature, the application of the Criminal Procedure Law discovery provisions to these juvenile matters is widespread. (See Matter of Terry T., 90 Misc 2d 1015; Matter of Kenneth M., 92 Misc 2d 351.) To stop short of complete pretrial discovery would be senseless as well as prejudicial to the respondent.
The use of section 50-a of the Civil Rights Law is the next logical step in the trend toward liberal disclosure. (See People *610 v Bar-Noy, 97 Misc 2d 152; Walker v City of New York, 90 Misc 2d 565.) The application of the Civil Rights Law to Family Court proceedings follows the constitutional mandates of due process for juveniles (Matter of Gault, 387 US 1).
The second issue raised by the NYCTA is whether or not the facts stated are sufficient to warrant an in camera review of the records.
The statúte is specific in setting forth a two-step procedure. First, the court must hold a hearing to determine if there has been a "clear showing of facts sufficient to warrant the judge to request records for review.” (Civil Rights Law, § 50-a, subd 2.) In the instant proceeding, the parties agreed to proceed on the basis of the papers submitted. If there is the required showing, an order is issued and the records are reviewed by the Judge. If the Judge finds that any information in the records is material and relevant to the pending action, only that information is then given to the party seeking it. (Civil Rights Law, § 50-a, subd 3.)
In the opinion of this court, the respondent has made a sufficient showing of facts to allow an order to be made to produce the records requested. The possible existence of prior acts by these same officers may bear directly on the charges against respondent of resisting arrest and obstructing governmental administration.
It must be pointed out to both Corporation Counsel and the attorney for the NYCTA that this order does no more than give this court an opportunity to see those files. Whether or not any information is released to the respondent’s attorney is a matter resting wholly within the court’s discretion.
Respondent’s motion is granted and the NYCTA is directed to forward the requested records to the undersigned forthwith.