OPINION OF THE COURT
Meyer, J.
This appeal requires us once again to construe the Freedom of Information Law (Public Officers Law, art 6). The primary issue is whether that law excepts from its disclosure requirement salary and fringe benefit data compiled by one agency for the use and information of another. We hold that it does not.
Respondent Board of Cooperative Educational Services (BOCES) prepares an annual report, entitled "Negotiation Information Services Salary Study for Administrators”, which compiles salary data and fringe benefits for teachers and administrators of the Second Supervisory District of Suffolk County. The salary study is part of the negotiations information services provided by BOCES to member school districts, including reports published monthly on negotiating developments throughout Suffolk County and answers to individual requests for data made by such districts.
Petitioner, by a letter which identified him as a resident of *344 Suffolk and. the president-elect of the School Administrators Association of New York State, asked that a copy of the compilation for the years 1974 through 1977 be made available to him. Being informed by the director of the BOCES service that it was a subscription service not available to others than the member districts, petitioner appealed pursuant to the Public Officers Law and, having received no answer to his appeal within the time required by statute, brought the article 78 proceeding which is the subject of this appeal.
BOCES’ answer admitted the request, its denial of the request and the appeal, but asserted as an affirmative defense that the service was the co-operative effort of the member districts, supplied (at a cost of $32,400) only to those districts that paid for the service, which petitioner was attempting to acquire, without cost, in violation of sections 1950 and 1951 of the Education Law. Special Term held that though the Freedom of Information Law did not require that BOCES compile the information, it did require that it disclose the information, once compiled, at a fee covering the cost of a transcript only. On appeal to the Appellate Division, Second Department, that court unanimously reversed on the law and dismissed the proceeding, reasoning that a report offered only on a subscription basis is not within the purview of the law (64 AD2d 702). This appeal as of right by petitioner followed. We reverse.
The provisions of the governing statute are to be found in sections 84 and 87 of the Public Officers Law. [1]
In pertinent part, section 84 reads as follows:
"The legislature hereby finds that a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions. The more open a government is with its citizenry, the greater the understanding and participation of the public in government.
* * *
"The people’s right to know the process of governmental decision-making and to review the documents and statistics *345 leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.
"The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to the records of government in accordance with the provisions of this article.”[2]
Section 87 (subd 1, par [b], cl iii) requires that an agency’s rules provide for either a fee of 25 cents per photocopy or the actual cost, depending on size, unless a different fee is prescribed by law, and subdivision 2 of section 87 requires that all records be made available for public inspection and copying, except that access may be denied as to records which:
"(c) if disclosed would impair present or imminent contract awards or collective bargaining negotiations;
* * *
"(g) are inter-agency or intra-agency materials which are not:
"i. statistical or factual tabulations or data;
"ii. instructions to staff that affect the public; or
"iii. final agency policy or determinations”.[3]
The arguments advanced by respondent against disclosure are that the information is not obtainable from BOCES because it determines no policy, that the Education Law makes the information available only to school districts that pay for it, that disclosure is contrary to section 87 (subd 2, par [c]) and to public policy, and that disclosure would constitute an unlawful contribution of public funds contrary to section 1 of article VIII of the Constitution.
Nothing in either section 84 or 87 requires that the agency from which information is sought be the agency making the decision to which the information relates. The contrary intent is clear from the general language by which reference is made in section 84 to "governmental decision-making” and to "statistics leading to determinations’ ’ and from the requirement of *346 section 87 that, with explicitly stated exceptions, "all records” be made available. Furthermore, the reference in former section 88 (subd 1, par d) to "tabulations made by or for the agency” (emphasis supplied) and the limited exception for "inter-agency or intra-agency materials which are not: (i) statistical or factual tabulations” (emphasis supplied) in present section 87 (subd 2, par [g]) make pellucidly clear that the fact that BOCES policy is not involved is no bar to obtaining the data from that agency (cf. Matter of Dunlea v Goldmark, 54 AD2d 446, 449, affd on opn below 43 NY2d 754; see Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, 181).
Behind respondent’s Education Law argument is the spectre that other school districts within the supervisory district may use the Freedom of Information Law to seek to obtain without payment that which they cannot obtain under the Education Law unless they pay a proportionate share of the cost.[4] The short answer is that petitioner is not such a district and that it will be time enough to resolve any conflict between the Education Law and the Public Officers Law when a school district seeks to use the latter law to avoid the restriction of the former. Respondent has not suggested that petitioner’s request is made in the interest of any other school district. Short of such a showing, the argument is one to be addressed to the Legislature as a possible reason for amending the Freedom of Information Law but, contrary to the Appellate Division’s holding, furnishes no basis for denial of petitioner’s application.
Though the burden is upon an agency claiming to be within one of the specific exceptions to section 87’s "all records” requirements to demonstrate application of the exception (Matter of Fink v Lefkowitz, 47 NY2d 567, 571; Matter of Gannett Co. v County of Monroe, 59 AD2d 309, affd on opn below 45 NY2d 954; Public Officers Law, § 89, subd 4, par [b]), respondent has made no effort in its papers to show that disclosure of the data requested would impair present or imminent collective bargaining within the meaning of section 87. Respondent’s brief argues that petitioner requested its entire negotiations information services, which includes reports on negotiating developments that arguably could be within the statutory exception, but it is clear from petitioner’s *347 letter of request and from the judgment appealed from that all that was sought and all that has been ordered disclosed is the factual compilation referred to as the “NIS Salary Study For Administrators”. There is, therefore, no substance to respondent’s section 87 argument (Church of Scientology v State of New York, 46 NY2d 906; cf. Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, 181-182, supra).
It does not appear that either the public policy argument or that based upon the Constitution was presented to the courts below. They, therefore, need not be reached by us. We have, however, considered both and find them to be without substance. The public policy concerning governmental disclosure is fixed by the Freedom of Information Law; the common-law interest privilege cannot protect from disclosure materials which that law requires to be disclosed (cf. Matter of Fink v Lefkowitz, 47 NY2d 567, 571, supra). Nothing said in Cirale v 80 Pine St. Corp. (35 NY2d 113) was intended to suggest otherwise. No greater weight can be given to the constitutional argument, which would foreclose a governmental agency from furnishing any information to anyone except on a cost-accounting basis. Meeting the public’s legitimate right of access to information concerning government is fulfillment of a governmental obligation, not the gift of, or waste of, public funds.
For the foregoing reasons, the order of the Appellate Division should be reversed and the judgment of Special Term should be reinstated.
Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur with Judge Meyer; Judges Jasen and Jones dissent and vote to affirm for reasons stated in the memorandum at the Appellate Division (64 AD2d 702).
Order reversed, with costs, and the judgment of Supreme Court, Suffolk County, reinstated.

. The Freedom of Information Law was repealed and re-enacted effective January 1, 1978 after the Special Term decision, with differences in wording not material to the decision of the instant case. However, since the statute in effect at the time of our decision governs (Matter of Demisay, Inc. v Petito, 31 NY2d 896; Strauss v University of State of N. Y., 2 NY2d 464, 467), we quote in the text the present wording and section numbering of the Freedom of Information Law.

. Former section 85 was identical in language except that the concluding clause was "and that the public, individually and collectively and represented by a free news media, should have unimpaired access to the records of government”. (L 1974, ch 578.)

. Former section 88 (subd 1, par d) required the agency to make available "internal or external audits and statistical or factual tabulations made by or for the agency”. (L 1974, ch 578.)

. Sections 1950 and 1951 of the Education Law to which respondent refers regulate the relationship between the constituent school district and the BOCES supervisory district, but do not purport to deal directly with information disclosure.