OPINION OF THE COURT
Elizabeth W. Pine, J.
Plaintiff, in these two civil actions, seeks an order compelling disclosure of eight categories of material.
At oral argument, counsel for Bareham Security indicated that his client could readily respond to Item No. 7 but suggested that such records would not be material in this action. The court finds that documents showing the names of the Bareham Security employees working at the Rochester War Memorial on the night of August 28, 1978 (the *855 date of the incident) appear material, and the court orders that they be produced. At oral argument, counsel for Bare-ham agreed to furnish the dates that any such persons left the employ of Bareham.
The only remaining item pertaining to Bareham is Item No. 6, which only in part seeks discovery from that defendant. In Item No. 6, plaintiff seeks all statements by Joseph Shopes, Richard Rivaldo and Louis Centola in the possession of each of the defendants, relating to the alleged assault by Officer Centola against plaintiff. At oral argument, counsel for Bareham stated that the only statements made by Joseph Shopes and Richard Rivaldo, two Bareham employees on the date of the incident, were made to counsel after the commencement of plaintiff’s action against Bareham. Plaintiff is entitled to an affidavit to that effect, in which case Bareham will not be compelled to furnish the statements of Shopes and Rivaldo. Counsel for Bareham failed to specify whether Bareham received any statement from Officer Centola. Therefore, plaintiff is further entitled to receive either an affidavit that no such statement was received by Bareham, or the text of any such statement.
Of the six items of discovery (Nos. 1-6) requested from the city, two are not opposed. These are Item No. 1, plaintiff’s request for his own statement (CPLR 3101, subd [e]), and Item No. 4, plaintiff’s request for any photographs taken of him in connection with the Rochester Police Department’s investigation of the alleged incident between plaintiff and Officer Centola.
The remaining items of discovery, all requested from the city and all contested, are addressed separately below.
I. The Rochester Police Department Internal Investigation
Division File, IIS
No. 78-328.
(Item No. 2.)
Defendant city, apparently relying on both the common-law privilege discussed in Cirale v 80 Pine St. Corp. (35 NY2d 113; see, also, Matter of Langert v Tenney, 5 AD2d 586, app dsmd 5 NY2d 875; People v Keating, 286 App Div 150) and the relatively new statutory provision of section *856 50-a of the Civil Rights Law, argues that the internal affairs file is privileged from disclosure.
The bill jacket concerning section 50-a of the Civil Rights Law shows that the statute was enacted to provide safeguards against the disclosure of certain police records. The June 8, 1976 memorandum in support of the bill, submitted by the Superintendent of the New York State Police, shows that many people understood that the safeguards under the new bill would extend to civil as well as to criminal proceedings; the statute contains no language restricting its application to criminal proceedings. Therefore, to the extent that the discovery requested consists of “personnel records, used to evaluate performance toward continued employment or promotion”, within the control of a police agency or department of a political subdivision of the State, within the meaning of subdivision 1 of section 50-a of the Civil Rights Law, the statute will apply herein. (See, also, Montes v State of New York, 94 Misc 2d 972, 977.)
The affidavit of the police captain submitted with defendants’ answering papers shows that the internal investigation file sought by plaintiff constitutes a personnel record used to evaluate performance toward continued employment or promotion within the meaning of section 50-a of the Civil Rights Law. The purpose of an internal investigation is to gather all pertinent information relating to possible police misconduct to enable the police department to evaluate the conduct of the officer and to determine appropriate disciplinary action. If a departmental hearing is conducted against the officer pursuant to section 75 of the Civil Service Law, the internal investigation file is used as the basis for the department’s case. Under these circumstances, any disclosure of the internal investigation file is subject to the provisions of section 50-a of the Civil Rights Law. The procedure, under this statute, consists of two stages. As a preliminary matter, the party seeking discovery must make “a clear showing of facts sufficient to warrant the judge to request records for review.” (Civil Rights Law, § 50-a, subd 2.) On such a preliminary showing, the court must then sign an order requiring that the records be sealed and delivered for in camera inspection. *857 After such inspection, “relevant and material” portions of the records are disclosed to the persons so requesting. (Civil Rights Law, § 50-a, subd 3.)
In the instant case, plaintiff’s affidavit shows that there is conflicting information concerning whether Mr. Wunsch was escorted into the War Memorial by a police officer at the time of the incident. Such information bears directly on the merits of this action. Plaintiff has made a good faith showing of facts which make it reasonably likely that the file will contain information bearing on the merits of the action, and that his request is not merely a desperate grasping at a straw. (See People v Gissendanner, 48 NY2d 543, 550-551 [applying prior law, but discussing section 50-a of the Civil Rights Law].)
An additional consideration is necessary here, namely whether the common-law privilege against disclosure in civil proceedings discussed by the Court of Appeals in Cirale was extinguished, in connection with records covered by section 50-a of the Civil Rights Law, by the enactment of that statute. The privilege discussed in Cirale required the consideration, on a case-by-case basis, of the respective interests of the litigant seeking discovery and of those of the government opposing it. Whether to recognize a claim of “public interest” privilege was a matter for the court to determine either on motion or, when necessary, after in camera review based on the facts of each case. Soon after the Freedom of Information Law (FOIL) (now Public Officers Law, § 84 et seq.) was enacted in 1974, the courts began struggling with the question whether the public interest privilege still attached to documents subject to disclosure under that statute. The Court of Appeals has since held that any document which the statute requires to be disclosed upon the request of any member of the public is no longer protected by the common-law privilege. (Doolan v Board of Co-op. Educational Servs., Second Supervisory Dist. of Suffolk County, 48 NY2d 341, 347.) As noted in Matter of Gannett Co. v James (108 Misc 2d 862), decided herewith, the provisions of the FOIL and of section 50-a of the Civil Rights Law are mutually exclusive, so that police personnel records subject to section 50-a of the Civil Rights Law are exempt from the FOIL. Whether the common-law *858 public interest privilege continues to exist with respect to records covered by section 50-a of the Civil Rights Law is an issue not addressed in Doolan. Pronounced differences in the scope, the purpose and the legislative history of section 50-a of the Civil Rights Law, on the one hand, and the FOIL, on the other, lead to the conclusion that section 50-a of the Civil Rights Law was not intended to eliminate the common-law public interest privilege with respect to the category of records to which section 50-a of the Civil Rights Law now applies. Unlike the FOIL, which was intended to promote full access to a wide variety of public documents, section 50-a of the Civil Rights Law was instead intended to protect a particular category of public records singled out as needing additional statutory safeguards against unnecessary disclosure. Continued recognition of the common-law public interest privilege is, moreover, fully compatible with section 50-a of the Civil Rights Law, which includes an in camera review procedure. The court finds that the Cirale privilege remains applicable in connection with section 50-a of the Civil Rights Law records sought by the plaintiff.
defendants’ contention that the internal investigation file must be deemed “privileged” in its entirety is unpersuasive. Likely to be contained within that file are, for example, plaintiff’s own statement, and certain photographs (Item No. 4), both of which defendant city is concededly willing to produce. Other material subject to disclosure under the Cirale standard may also be contained within the investigation file.
The court therefore directs that the internal investigation file be produced for in camera inspection and balancing of the competing interests involved in the public interest privilege asserted here.
II. Documents Relating or Referring to the Investigation of Plaintiff’s
Criminal Complaint against Officer Centola.
(Item No. 3.)
Plaintiff, after the alleged incident between Officer Centola and himself, filed a criminal complaint against Officer Centola.
*859 Plaintiff, in this civil action for money damages, now seeks discovery of all facts relating to the criminal investigation conducted by the Rochester Police Department.
There is no suggestion that this branch of plaintiff’s discovery request involves personnel records within the scope of section 50-a of the Civil Rights Law.
A civil litigant is unquestionably entitled, as against a claim of privilege, to obtain by way of discovery in a pending action at least the same documents that any member of the public could obtain by simply filing a FOIL* request. (Walker v City of New York, 64 AD2d 980.) The FOIL, however, does not entitle a member of the public to obtain the criminal investigation file sought by plaintiff herein. (Public Officers Law, § 87, subd 2, par [e], els i-iv; see, also, Walker v City of New York, supra.) The court notes, in particular, that the criminal investigation in connection with which plaintiff seeks discovery is not even alleged to be concluded.
Plaintiff, as a civil litigant, may be entitled to broader disclosure than as a member of the public seeking general information under the FOIL. However, to the extent that plaintiff seeks documents exempt from disclosure under the FOIL, the need of the plaintiff for the documents and the public interest of the agency in withholding them must be considered. The “[pjublic interest” which forms the basis of the public interest privilege is two-sided and “encompasses not only the needs of the government, but also the societal interests in redressing private wrongs and arriving at a just result in private litigation.” (Cirale v 80 Pine St. Corp., 35 NY2d 113, 118, supra.)
Viewed in the context of the public interest privilege, plaintiff’s request for disclosure of the criminal investigation file lacks merit. The facts of this case are devoid of any of the compelling circumstances of a request by a criminal defendant for possible exculpatory evidence. Here, it is the complainant in the criminal proceeding, rather than the defendant, who seeks to open the criminal investigation *860 file for discovery in his own civil actions. If plaintiff were permitted discovery of the records of the criminal investigation made on his own complaint, persons asserting civil claims would be encouraged to lodge criminal complaints in order to secure the assistance of law enforcement personnel in obtaining discovery concerning their own civil claims.
Plaintiff’s request for disclosure of the criminal investigation materials is denied.
III. Documents Relating or Referring to Specified Prior
Alleged Unnecessary Use of Force by Officer Centola.
(Item No. 5.)
In the course of prior discovery proceedings, plaintiff obtained police documents showing that complaints against Officer Centola, alleging unnecessary use of force, were previously filed on April 19, 1971, July 6, 1971, January 13, 1972, February 16, 1972 (assault), August 8, 1972 and August 14, 1973. The records also show that the first four complaints were determined “not sustained,” while the last two were determined “sustained.”
These records fall within the scope of section 50-a of the Civil Rights Law, for the reasons stated earlier.
Defendants object to the production of these records on the ground that there is “no reasonable relation in time” between the prior complaints and plaintiff’s complaint. This argument is based on the fact that plaintiff’s complaint, filed in August of 1978, was the only complaint filed against Officer Centola since August of 1973.
The court directs that the files from these charges be sealed and forwarded to the court for in camera inspection, together with a copy of plaintiff’s complaints in the instant actions and bills of particulars, if any, for a determination whether the prior charges are relevant and material herein.
IV. Statements of Officer Centola, Joseph Shopes and Richard Rivaldo Relating
or Referring to the Alleged Assault against Plaintiff by Officer Centola.
*861 (Item No. 6.)
Defendants oppose disclosure of any statements made by Officer Centola, Joseph Shopes and Richard Rivaldo (the latter two being employees of defendant Bareham Security on the date of the incident), relating or referring to the alleged assault.
Defendant city, unlike defendant Bareham Security, has not asserted that any such statements in its possession constitute material prepared for litigation. Instead, disclosure is opposed based on the same privilege asserted in connection with Items Nos. 2 and 3 above.
The claim of privilege raised here lacks a sufficient factual basis to enable the court to evaluate its merits. It is not suggested, for example, whether any or all statements by these individuals were made in connection with an internal investigation, a criminal investigation, a police accident or arrest report or otherwise. Defendant city is directed to furnish further affidavits showing the manner in which any statements of Centola, Shopes and Rivaldo concerning the alleged assault were obtained, including the basis for the privilege asserted in each case.

 Defendant city, in Walker, appears to have failed to meet its burden of proving that the particular records requested in that action were governed by section 50-a of the Civil Rights Law and therefore exempt from disclosure under the FOIL. (See Matter of Gannett Co. v James, 108 Misc 2d 862, supra.)