OPINION OF THE COURT
Elizabeth W. Pine, J.
Petitioners, a newspaper publisher and two reporters, seek judgment in this article 78 proceeding directing the disclosure of documents requested in six separate applications made pursuant to the Freedom of Information Law (FOIL), article 6 of the Public Officers Law. Of the six records-access applications before this court, two were directed to the records-access officer for the City of Rochester, and four to the records-access officer for the County of Monroe. Each of petitioners’ six applications was initially denied by the records-access officer receiving it, and each denial was sustained on an administrative appeal prior to the commencement of this proceeding.
*863 In addition to the request for disclosure made in the petition, and presumably only if such disclosure is denied, petitioners’ notice of motion separately requests an “itemization and detailed description” of all records withheld, a “detailed analysis justifying the withholding of each requested record or portion thereof,” and an “index correlating specific statements in such justification analysis with actual portions of the requested records.”
Respondents oppose disclosure and raise objections in point of law (CPLR 7804, subd [fj) on a number of grounds: that disclosure of these records is governed by section 50-a of the Civil Rights Law, which respondents urge is a State statute specifically exempting such records from disclosure within the meaning of section 87 (subd 2, par [a]) of the Public Officers Law; that the records requested are protected by the “public interest privilege”; that the records requested are compiled for law enforcement purposes and would, if disclosed, either interfere with law enforcement investigations or judicial proceedings (Public Officers Law, § 87, subd 2, par [e], cl i) or identify a confidential source or disclose confidential information relating to a criminal investigation (Public Officers Law, § 87, subd 2, par [e], cl iii); that disclosure would constitute an unwarranted invasion of personal privacy (Public Officers Law, § 87, subd 2, par [b]; subd 2); and that some of the records are interagency or intra-agency materials not among those which the law requires to be disclosed (Public Officers Law, § 87, subd 2, par [g], els i-iii). As the Court of Appeals nqted recently, the current FOIL (Public Officers Law, § 89, subd 4, par [b]), in contrast to earlier versions of the statute, expressly imposes “the burden of demonstrating that the material requested is exempt * * * squarely on the shoulders of the one who asserts it”. (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580.)
I. RECORDS ACCESS DENIED BY THE CITY OF ROCHESTER
A. Application of petitioner Jacobson dated February 19, 1980 (petition, Exhibit A).
The first of the two access requests directed to the access officer for the City of Rochester by petitioner Jacobson, *864 dated February 19, 1980, requests access to: “Complaints to the Rochester Police Department internal affairs involving charges of harassment or use of force by members of the police dept, in the past 2 years. Must include complaintant [sic] name, officer involved and resulting investigation.”
The ■ court will first consider the threshold issue of whether the documents requested in Exhibit A are governed by section 50-a of the Civil Rights Law and are therefore “specifically exempted from disclosure by state *** statute” within the meaning of section 87 (subd 2, par [a]) of the Public Officers Law and unavailable under the FOIL. Petitioners contend that section 50-a of the Civil Rights Law “gives protection to police files in criminal prosecutions but is of little or no relevance to an action brought pursuant to the FOIL.” However, if respondents are correct in their contention that section 50-a of the Civil Rights Law exempts these records from FOIL disclosure, that statute is not only relevant but dispositive.
On its face, section 50-a of the Civil Rights Law contains no language limiting its application to criminal proceedings. The bill jacket concerning this statute shows that the statute was enacted to provide restrictions and consistent safeguards against the disclosure of certain police records. While much of the support for the bill was based on the need to curtail “fishing expeditions” into police personnel history and abuses in the cross-examination of police officers in criminal cases, the bill could not effectively provide such safeguards were its application limited to criminal cases. Indeed, the June 8, 1976 memorandum in support of the bill submitted by the Superintendent of the New York State Police shows that many understood that the new statutory safeguards would extend to civil as well as criminal proceedings. Based on the language of the statute, its legislative history, and its purpose as remedial legislation, this court cannot agree with petitioners’ assertion that the application of section 50-a of the Civil Rights Law is limited to criminal proceedings. (See, also, Montes v State of New York, 94 Misc 2d 972, 977 [discussing application in civil proceedings]; Matter of Cleue C., 101 Misc 2d 608 [applying statute in juvenile delinquency proceeding].) The court notes, too, that the *865 Committee on Public Access to Records (CPAR) (see Public Officers Law, § 89, subd 1, par [a]), interpreting the FOIL, has specifically concluded that records constituting police personnel records within the scope of section 50-a of the Civil Rights Law are exempt from disclosure under the FOIL (citing Public Officers Law, § 87, subd 2, par [a]), and can be obtained only by a court order under section 50-a of the Civil Rights Law. (Advisory Opn of Committee on Public Access to Records, Oct. 26,1978, FOIL-AO-940; see, also, Sept. 6, 1978, FOIL-AO-904.) As petitioners themselves have noted, such an opinion of the CPAR is entitled to great weight and, if not irrational or unreasonable, should be upheld. (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, mot for lv to app den 48 NY2d 706; see, also, Matter of Sheehan v City of Binghamton, 59 AD2d 808.)
Turning to the first category of records sought by petitioners, it is necessary to determine whether the city respondents have met their burden of establishing that these records constitute police “personnel records, used to evaluate performance toward continued employment or promotion” within the meaning of section 50-a of the Civil Rights Law. The affidavit of the Chief of Police of the Rochester Police Department outlines and describes the purpose and significance of an internal affairs complaint against a police officer, and of the resulting investigation. By the very nature of petitioners’ request, each document relates to the alleged misconduct of a police officer. Such complaints against police personnel, and any records compiled by the Rochester Police Department in investigating them, must be viewed as personnel records within the meaning of section 50-a of the Civil Rights Law. In addition, the uncontroverted proof shows that the complaint and internal investigation file are used to determine whether a complaint warrants disciplinary proceedings against an officer. When disciplinary charges are made and a hearing held pursuant to section 75 of the Civil Service Law, the internal investigation file is the basis of the department’s case at the hearing. Documents used to determine whether to file disciplinary charges against a police officer for misconduct, and which are in fact used to *866 prosecute the officer if a departmental disciplinary hearing is held, necessarily constitute police “personnel records, used to evaluate performance toward continued employment or promotion” within the meaning of subdivision 1 of section 50-a of the Civil Rights Law.
The authorities cited by petitioners fail to show that petitioners’ records request is governed by the FOIL rather than by the superseding provisions of section 50-a of the Civil Rights Law. Farrell v Village Bd. of Trustees of the Vil. of Johnson City (83 Misc 2d 125), an article 78 proceeding in which reports of reprimands of police officers were ordered disclosed under the FOIL, was decided a year before the enactment of section 50-a of the Civil Rights Law. In Montes v State of New York (94 Misc 2d 972, supra) a later case upon which petitioners rely, the court discussed but did not apply section 50-a of the Civil Rights Law, because the records sought therein were parole officer rather than police officer records. Other cases and authorities relied upon by petitioners similarly did not even arguably involve police officer personnel records. (See, e.g., Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County, 48 NY2d 341 [BOCES district records]; Church of Scientology of N. Y. v State of New York, 61 AD2d 942, affd mem 46 NY2d 906 [records of the Attorney-General and of the Department of Mental Hygiene concerning the Church of Scientology corporation, its affiliates and its leadership]; Advisory Opns of Committee on Public Access to Records, Aug. 2, 1979, FOIL-AO-1217 [records of school district employees], July 30, 1979, FOIL-AO-1210 [telephone logs of government executive]; April 17,1979, FOIL-AO-1106 [records of board of education]; Sept. 5,1978, FOIL-AO-902 [records of toll collector]; Jan. 18, 1978, FOIL-AO-685 [records of disciplinary proceeding against a school teacher].)
Two Second Department FOIL decisions upon which petitioners rely did involve police records, and warrant discussion. The first of these, Matter of Westchester Rockland Newspapers v Mosczydlowski (58 AD2d 234), was a FOIL article 78 proceeding to obtain the police report of an investigation into the death of a 20 year old in the Yonkers City Jail and the circumstances surrounding that death. *867 The investigation report in Mosczydlowski, unlike each investigation sought by petitioners, did not stem from an allegation of misconduct against a police officer. Nor does the decision in Mosczydlowski show that the issue of the applicability of section 50-a of the Civil Rights Law was ever raised in that case. In the following year, the Second Department, citing Mosczydlowski, decided Walker v City of New York (64 AD2d 980). This case, unlike Mosczydlowski, was a civil action for damages for police misconduct, rather than a FOIL article 78 proceeding. Also, unlike Mosczydlowski, Walker appears to have involved the disclosure of police personnel records. However, neither section 50-a of the Civil Rights Law nor the “other State statute” exemption under the FOIL appears to have been asserted, and the city’s motion for a protective order was denied based on the FOIL. Although the Second Department in Walker reversed the decision of the trial court, each court ordered disclosure and each based its decision on the FOIL. The Walker trial court’s reliance on the FOIL, rather than on section 50-a of the Civil Rights Law, has been questioned. (See Montes v State of New York, 94 Misc 2d 972, 974, supra.) The burden of pleading and proving an exemption under the FOIL, however, is on the party opposing disclosure and does not appear to have been met by the city in Walker. Moreover, even had the city shown that section 50-a of the Civil Rights Law was controlling, in Walker, the in camera examination provided by the statute would not have been substantially different from that ordered by the Second Department.
In the instant case, respondents have met their burden of proving that the material requested in Exhibit A is governed by the provisions of section 50-a of the Civil Rights Law and is exempt from disclosure under the FOIL. (Public Officers Law, §87, subd 2, par [a].)
The court must therefore consider the application of section 50-a of the Civil Rights Law to the facts of this case. Subdivision 1 of section 50-a of the Civil Rights Law provides that all police officer personnel records used to evaluate performance toward continued employment or promotion are deemed confidential and not subject to inspection or review except with the express written consent *868 of the officer, or by lawful court order. The next two subdivisions of the statute establish the necessary process for any such court-ordered disclosure. First, after appropriate notice, the party seeking discovery must make “a clear showing of facts sufficient to warrant the judge to request records for review”. (Civil Rights Law, § 50-a, subd 2.) On such a showing, the court must order the records sealed and delivered for in camera inspection. After inspection, only “relevant and material” records are disclosed to the persons so requesting. (Civil Rights Law, § 50-a, subd 3.)
Petitioners argue that, even if applicable, section 50-a of the Civil Rights Law is not fatal to their request for police personnel records on the theory that the records requested are “relevant and material” in the instant action within the meaning of subdivision 3 of section 50-a of the Civil Rights Law. This bootstrap argument is without merit. The instant action is one to review a determination made under the FOIL, a statute which exempts the very records requested. These records, exempt from the provisions of the FOIL, cannot possibly be “relevant and material” in this proceeding to require compliance with the FOIL. Clearly, if the commencement of a FOIL proceeding for FOIL-exempted police personnel records governed by section 50-a of the Civil Rights Law were sufficient to satisfy the “material and relevant” test of the latter statute, any criminal defendant or non-FOIL civil litigant would only need to commence a FOIL proceeding to utterly defeat the application of the “relevant and material” standard governing discovery in the original criminal or civil action.
Although the bill jacket for section 50-a of the Civil Rights Law shows that many questioned the necessity or desirability of such singular statutory protection for the personnel records of police officers, the Legislature has spoken.
Petitioners’ request, in this action, for disclosure of the documents described in Exhibit A of the petition must be denied. It is unnecessary to consider the other grounds raised by the city in opposition to the first request.
B. Application of petitioner Jacobson dated May 7, 1980 *869 (petition, Exhibit I).
Exhibit I contains petitioners’ request for every “use of force” form, for a four-year period beginning with 1976 and ending with 1979, filed in the internal investigation unit of the Rochester Police Department.
As in the case of the documents requested in Exhibit A, the “use of force” forms requested in Exhibit I relate to the conduct of a specific officer. The affidavit of Chief of Police Hastings shows that the use of force forms are used to evaluate the officer’s performance. Also noted in the affidavit is that, with the increase in computer capabilities of the Rochester Police Department, special programs are being developed to perform such evaluations using data from the use of force forms.
Respondents assert, and the court finds, that the use of force forms requested in Exhibit I of the petition are police personnel records governed by the provisions of section 50-a of the Civil Rights Law and exempt from the FOIL. Since these documents are exempt from the FOIL, they are not “material and relevant” in this FOIL proceeding, within the meaning of section 50-a of the Civil Rights Law. Petitioners’ request for the documents described in Exhibit I of the petition is denied.
II. RECORDS ACCESS DENIED BY THE COUNTY OF MONROE
A. Application of petitioner Jacobson dated March 4, 1980 (petition, Exhibit F).
Exhibit F contains petitioners’ request for the county counterpart of the records requested from the city in Exhibit A — namely, in this case, excessive force and harassment complaints against Sheriff’s department personnel including the name of the complainant, the officer involved and the disposition of the complaint.
Among the defenses raised by the county respondents is that these records are governed by section 50-a of the Civil Rights Law and exempt from the FOIL. The affidavit of Sergeant Depferd, an internal affairs investigator, sufficiently shows that the records are personnel records and that they are used for disciplinary purposes. The court *870 finds that these records are governed by the provisions of section 50-a of the Civil Rights Law, are exempt from the FOIL, and are not “material and relevant” in this FOIL proceeding, within the meaning of section 50-a of the Civil Rights Law. Petitioners’ request for the documents described in Exhibit F is denied.
B. Three applications of petitioner Ziegler dated May 7, 1980 (petition, Exhibits L, M and N).
Exhibits L, M and N of the petition requested records, concerning Rochester Police Department personnel, then on file with the county but possession of which was expected to be returned to the city. Exhibit L requested all Rochester Police Department documents (including letters of reprimand) sent to the Monroe County Civil Service Commission by the Rochester Police Department relating to disciplinary action taken against city police officers from January 1,1976 to May 1,1980. At oral argument, counsel for petitioners stated that he was limiting Exhibit L to a request for copies of letters of reprimand and final dispositions only, in connection with the above-mentioned disciplinary actions. Exhibit M requested the final disposition, without the name of the officer but including the charges involved, of all Rochester Police Department personnel going through the Civil Service hearing process from January 1, 1976 to May 1,1980. Exhibit N requested the final disposition, with the name of the officer and “the guilty charges involved” of all Rochester Police Department personnel going through the Civil Service hearing process from January 1, 1976 to May 1, 1980.
Objection to disclosure of these records was made by the city as well as by the county respondents. The proof submitted in opposition to these requests amply shows that the documents requested in Exhibit L, M and N constitute personnel records, and it is evident that they are used to evaluate performance toward continued employment or promotion, within the meaning of section 50-a of the Civil Rights Law. The court finds that these records are gov *871 erned by section 50-a of the Civil Rights Law, are exempt from the FOIL, and are not “material and relevant” in this FOIL proceeding, within the meaning of section 50-a of the Civil Rights Law. Petitioners’ request for the documents described in Exhibits L, M and N is denied.
III. petitioners’ request for A DETAILED itemization of THE REQUESTED DOCUMENTS AND THEIR CONTENTS.
Together with their application for disclosure under the FOIL, petitioners also moved, herein, for “an order pursuant to CPLR Article 4, 30 and 31 and Public Officers Law Article 6” requiring respondents to provide “an itemization and detailed description” of all records withheld, a “detailed analysis justifying the withholding of each requested record or portion thereof,” and an “index correlating specific statements in such justification analysis with the actual portions of the requested records.” Petitioners’ memorandum of law, which apparently predates petitioners’ receipt of respondents’ opposing papers in this proceeding, states that such information is necessary to provide “some insight” into the basis for respondents’ refusal to disclose the requested records. Petitioners’ motion appears to be based on case law decided under the Federal Freedom of Information Act. (See, e.g., Vaughn v Rosen, 484 F2d 820, cert den 415 US 977.)
The court finds that respondents’ opposing papers furnished sufficient proof, including descriptive information concerning departmental procedure, and blank copies of the types of documents requested, to meet respondents’ burden of proving the records exempt from FOIL disclosure. Petitioners’ motion for additional proof is denied.
IV. petitioners’ request FOR attorney’s FEES.
Petitioners fail to suggest any legal basis, within the FOIL or elsewhere, for their application for attorney’s fees.
In view of the court’s determination that the records sought by petitioners are not “relevant and material” (Civil Rights Law, § 50-a, subd 3) in this FOIL proceeding, *872 it is not necessary to reach the issue whether section 50-a of the Civil Rights Law abolished the common-law public interest privilege with respect to the records to which it applies. (See Wunsch v City of Rochester (108 Misc 2d 854) decided herewith. Nor does the instant decision mean that section 50-a of the Civil Rights Law would govern or limit access to statistical reports or data compilations existing separate and apart from the exempt personnel records requested here.
Petitioners’ instant application is denied and the petition dismissed.