■ In the Matter of RICHARD GELDERMAN, Respondent. DIVISION OF NEW YORK STATE POLICE, Appellant. — Appeal from an order of the Supreme Court, Nassau County (Roberto, J.), issued July 27, 1984, which, in effect, denied the application of the Division of New York State Police to quash a subpoena duces tecum.

Order reversed, on the law, with costs, and application to quash granted.

Special Term erred in denying the appellant's application to quash a subpoena duces tecum issued by the attorneys for the petitioner, which ordered the appellant to supply petitioner with the "New York State Information Services (NYSIS) 'sheets' for those members of the Division of the New York State Police hired, appointed or accepted for service between the years 1978-1984 that have been convicted of any crimes". Petitioner sought those documents upon the ground that they contained relevant and material evidence concerning the issues which were to be

raised at an upcoming administrative hearing to determine whether he was properly denied appointment to the appellant's force on the grounds that he was unfit. We do not agree. The specific reasons for the denial of petitioner's application for appointment were that he had (1) associated with known criminals, (2) attempted to compromise an official police investigation, and (3) failed to maintain a satisfactory driving record. Petitioner has failed to show how the NYSIS "sheets" he seeks will be of any use to him in refuting or responding to the foregoing allegations, nor has he demonstrated a sufficient factual predicate illustrating his need for the documents. The admissions of petitioner's counsel that these records were sought "to explore the hiring practices of the [appellant]" and "to make an allegation or raise on appeal the point of reverse discrimination", clearly illustrate that petitioner is improperly attempting to engage in general discovery or a "fishing expedition" through the use of the subpoena. Under these circumstances, the subpoena of the "sheets" for the lengthy period in question should have been quashed for lack of both relevancy and a factual predicate (see, People v Gissendanner, 48 NY2d 543). Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.