(June 19, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HARRIS, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 27, 1983, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

On August 9, 1982, defendant, an inmate at Eastern Correctional Facility in Ulster County, was charged in a four-count indictment with assaulting two correction officers. The trial testimony shows that on the evening of April 27, 1982, Correction Officers John Redican and Richard Faulkner undertook to transport defendant from his cell to get a haircut. En route, defendant proceeded toward another inmate's cell and attempted to pass a hairbrush to him. At this juncture, the testimony diverges. According to the prosecution witnesses, defendant ignored Redican's order not to pass the brush. As a result, defendant was advised that his haircut was canceled and directed to return to his cell. In response, defendant struck both Redican and Faulkner, fracturing the former's jaw. Both officers denied having any physical contact with defendant prior to the assault. They withdrew from the gallery and defendant eventually returned to his cell. This testimony was reiterated by Correction Officer David Smith, who observed the entire incident from the control room. Defendant produced several inmate witnesses who essentially testified that as he passed the hairbrush, both Faulkner and Redican seized him from behind. Only when the officers refused to release him did defendant turn and strike each officer, ostensibly in self-defense. Defendant was convicted of two counts of

assault in the second degree. He was sentenced as a second felony offender to concurrent prison terms of 3 to 6 years.

On this appeal, defendant's sole contention is that County Court erred in refusing his pretrial subpoena request for the personnel files of both Faulkner and Redican. We disagree. Civil Rights Law § 50-a authorizes disclosure of confidential police personnel records upon "a clear showing of facts sufficient to warrant the judge to request records for review" (Civil Rights Law § 50-a [2]), but only after an in camera inspection confirms the relevance of the information (see, People v Gissendanner, 48 NY2d 543, 551). Although a party seeking disclosure is not required to affirmatively demonstrate that the records contain information directly bearing on the reliability of the witness, it is necessary to propound, in good faith, "some factual predicate" warranting the intrusion (supra, p 550; see, Cox v New York City Hous. Auth., 105 AD2d 663, 664). A general request seeking information relative to the witness's background fails to meet this burden (see, People v Guzman, 60 NY2d 403, 415, cert denied 466 US 951; Matter of Gelderman, 111 AD2d 332).

Here, defendant included in his omnibus motion a discovery request for the personnel records of both officers, without any specific indication that probative information would be uncovered. The record also includes two judicial subpoenas duces tecum seeking review of the same files which apparently were submitted to the Trial Judge in the week preceding trial and rejected. The record, however, neither indicates the grounds for the request nor the basis for denial. In our view, defendant failed to present any factual predicate warranting issuance of the subpoenas. That defendant pursued a theory of self-defense, juxtaposing the credibility of the prosecution's law enforcement witnesses against his own inmate witnesses, does not, ipso facto, justify review of the confidential police files in the hope of discovering some discrediting information. Nor is there any factual support for the contention in defendant's brief that he reacted in self-defense knowing that Faulkner and Redican had a history of assaulting inmates without provocation. Given the general nature of defendant's subpoena request, we cannot say that County Court abused its discretion in rejecting the application (see, People v Gissendanner, supra, p 550).

Judgment affirmed. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.