*694 OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who is charged with the crimes of assault, second degree, and resisting arrest, made an application pursuant to Civil Rights Law § 50-a (1) and (2), requesting the court to review the personnel record of the police officer whom he allegedly assaulted and whose arrest he allegedly resisted, and pursuant to subdivision (3), after such inspection, to disclose any complaints therein for the purpose of substantiating his defense and/or impeaching the officer.
Subdivisions (2) and (3) of Civil Rights Law § 50-a enumerate two standards that must be satisfied to justify disclosure of a police officer’s personnel file, viz., “a clear showing of facts * * * to warrant the judge to request records for review” and "a determination as to whether the records are relevant and material in the action before him” (People v Gissendanner, 48 NY2d 543).
In support of this request the defendant alleged that he did not assault the police officer or resist arrest, but that instead the officer assaulted him without provocation and then arrested him; that on a prior occasion the same officer had committed an unprovoked assault and filed a false charge against another individual; that that individual had been found not guilty after trial and thereafter initiated a civil suit against the officer and the municipality; that the officer’s personnel file might contain other incidents of unprovoked assaults on arrested individuals; that such a history would be peculiarly relevant to his charge since his defense is similar; and that such a history would provide material with which to impeach the officer.
The allegations made by the defendant were sufficient under the standards enunciated in Civil Rights Law § 50-a, to justify a review of the police officer’s personnel file (People v Morales, 97 Misc 2d 733 [defendants, who were charged with assault, riot, resisting arrest and disorderly conduct, were granted an in camera inspection, because the defendants alleged that the charges hinged on the officers’ testimony, that the officers initiated the physical contact and that independent witnesses would corroborate such fact]).[1]
A review of the police officer’s personnel file revealed the *695 following information: one complaint of unlawful search of an individual and one complaint of unnecessary forceful entry into a house resulted in determinations of "Exonerated”; two complaints of excessive force and one complaint of false arrest resulted in determinations of "Unfounded”; two complaints of theft, one complaint of abusive and profane language and one complaint of coerced deposition resulted in determinations of "Not Sustained”; one complaint of theft resulted in a determination of "No Finding”; and no complaints resulted in a determination of "Sustained”.
The five possible determinations were explained as follows: "Exonerated” — factual allegations in complaint actually occurred, but the action of police officer was justified; "Unfounded” — facts as alleged in complaint did not occur; "Not Sustained” — there was insufficient evidence to either prove or disprove the allegations in the complaints; "No Finding”— complaint was withdrawn; and "Sustained” — the factual allegations in complaint actually occurred and the action of police officer was not justified.
The defendant presumably seeks to utilize the two complaints of excessive force against the police officer to substantiate his version of the incident, and there is authority for that proposition. The case law speaks in terms of making available to the defendant material "that carries a potential for establishing the unreliability * * * of the criminal charge” (People v Gissendanner, supra, at 550; see also, Lawrence v City of New York, 118 AD2d 758). However, the fundamental rule is that evidence of uncharged crimes is not admissible if its sole purpose is to show that a defendant is predisposed to commit the crime charged (People v Hudy, 73 NY2d 40; People v Pavao, 59 NY2d 282; People v Allweis, 48 NY2d 40), so by analogy, any such complaints against the officer would be inadmissible to demonstrate a predisposition to assault individuals he arrests.[2]
Another reason why the two complaints of unnecessary force would be inadmissible is that those complaints resulted in determinations of "Unfounded”, which means there was an administrative determination that the alleged incident had no basis in fact (see, Wunsch v City of Rochester, 108 Misc 2d 854 [four complaints of unnecessary use of force determined "Not *696 Sustained”]). No uncorroborated complaints should be disclosed to the defendant (People v Morales, 97 Misc 2d 733, supra), and an "Unfounded” determination falls into that category.[3]
However, although the defendant requested only complaints relating to the police officer’s use of excessive force after an in camera inspection the court could direct disclosure of all information it found to be relevant and material (Lawrence v City of New York, supra). This could include any complaints which could be utilized to impeach the officer (People v Gissendanner, supra, at 550 ["information * * * establishing the unreliability * * * of a witness”]).
In order for the defendant to use the complaints in the police officer’s personnel file to impeach his credibility, he must show that there is a good-faith basis and a reasonable basis in fact for such allegations (People v Be Pasquale, 54 NY2d 693; People v Greer, 42 NY2d 170; People v Kass, 25 NY2d 123).
All of the complaints levied against the police officer would satisfy the first prong, a good-faith basis (see, People v De Pasquale, supra; People v Alamo, 23 NY2d 630, cert denied 396 US 879; Gedrin v Long Is. Jewish-Hillside Med. Center, 119 AD2d 799).
No problem would arise in the instance where the complaint resulted in a "Sustained” finding (see, Wunsch v City of Rochester, supra [two complaints alleging unnecessary use of force were determined "Sustained”]), because that would be tantamount to a reasonable basis in fact, as in the case of a conviction after trial which would be admissible for impeachment purposes (People v Dodt, 61 NY2d 408; People v McAleavey, 159 AD2d 646).
There would be no reasonable basis in fact for any complaint which resulted in an "Exonerated”,[4]
[5]"Unfounded”,6 or *697 "No Finding”[6] determination (see, People v Simpson, 109 AD2d 461, 467, appeal dismissed 67 NY2d 1026 [suggesting that a good-faith basis and a reasonable basis in fact is not satisfied "by information permitting the conclusion that a defendant may have committed a crime” but rather it "requires evidence sufficient to support a good-faith conclusion that the defendant in fact committed the crime”]).[7]
The difficulty arises with the complaints which were determined "Not Sustained” as that is the category in which there was insufficient evidence to either prove or disprove the complaint. This could be compared with an acquittal after trial. A court may properly preclude a defendant from cross-examining a police officer as to acts underlying criminal charges against the officer where those charges resulted in an acquittal (People v Booker, 134 AD2d 949). While this should not be a per se rule, and each complaint which resulted in a "Not Sustained” determination should be examined individually, "after an in camera review, no uncorroborated complaints” should "be turned over to the defense counsel” (People v Morales, 97 Misc 2d, supra, at 740).
None of the complaints against this police officer in the "Not Sustained” category have been corroborated, so none will be made available to the defendant.[8]
Accordingly, after an in camera review of the police officer’s personnel record, the application of the defendant for the disclosure of that record so that he can utilize all the complaints therein for the purpose of substantiating his defense and/or impeaching the officer is denied.

. Compare, People v Harris, 121 AD2d 788, where, in a somewhat similar case, the result was different.

. A different result might be reached were there a claim of common scheme or plan as in a bribe receiving (see, People v Fiore, 34 NY2d 81) or bribery (see, People v Herrera, 131 Misc 2d 96, affd 135 AD2d 830) situation.

. For example, one complaint of excessive force resulted in an "Unfounded” determination, because a civilian witness supported the officer’s version that an individual who was being arrested for assaulting another officer resisted arrest and was subdued by this officer without unnecessary force being used.

. For example, a complaint of unlawful search resulted in an "Exonerated” determination because there was a justifiable suspicion that an individual was armed and dangerous, and the officer was justifiably concerned for his safety.

. See, n 3.

. For example, a complaint of theft resulted in a "No Finding” determination, because property was returned to the individual at the appropriate time.

. This case contains a thorough discussion of what constitutes a good-faith basis and a reasonable basis in fact.

. For example, a complaint of theft resulted in a "Not Sustained” determination, because all the involved officers denied seeing the defendant in the possession of the property, the defendant did not claim the item was stolen at the time he was processed and the defendant refused to submit to a polygraph examination.