OPINION OF THE COURT
Memorandum.
Order unanimously affirmed, with $10 costs. The court below is directed to inspect the subpoenaed materials in camera to determine what portions thereof, if any, are privileged and not subject to disclosure to the parties in the criminal proceeding.
The papers submitted upon the instant motion reveal that at about 4:35 a.m. on November 21, 1993, defendant was stopped on the Long Island Expressway by an officer from the Nassau County Police Department’s Highway Patrol Bureau and arrested for driving while intoxicated, speeding and changing lanes without signaling. On or about May 25, 1994, a subpoena duces tecum (so ordered by Phelan, J.) was served upon the Nassau County Police Department calling for the production in court of "Internal orders, memoranda, documents, rules and regulations, instructions, notes, and other writings regarding police policy procedure and/or practice for assigning overtime to officers in the Highway Patrol Bureau based upon the number of Driving While Intoxicated arrests made and/or directing officers in the Highway Patrol Bureau to file reports on DWI arrests after each shift.”
The aforesaid documents, according to counsel, had been identified by the Nassau Police Benevolent Association in a grievance filed on behalf of the officers of the Highway Patrol Bureau as reported in an article in Newsday on April 13, 1994. According to the article, the grievance stated the officers’ belief that they had been "forced to fill DWI quotas.” They were assigned overtime based on their number of "DWI” arrests. There were notes written by supervisors to officers saying they were entitled to overtime based on "DWI” arrests on their last shift. The grievance also referred to an order by the Highway Patrol Bureau’s commanding officer requiring supervisors of officers working the midnight shift and patrolling the Long Island Expressway and Seaford-Oyster Bay Expressway to file reports on "DWI” arrests after each shift. The orders also asked for "an explanation for the absence of any Driving While Intoxicated arrest activity on the tour of duty.”
*209 The court below denied the motion to quash and directed the Police Department to comply with the subpoena duces tecum if, in fact, there were such documents. The court also noted, "The granting of the subpoena still leaves all questions of relevancy and admissibility to be ruled upon by the trial court.”
The motion to quash was properly denied. The court below implicitly ruled that the subject subpoena sought relevant and material documents. By adding to its decision a statement that "The granting of the subpoena still leaves all questions of relevancy and admissibility to be ruled upon by the trial court,” it was merely taking cognizance of the discretion which it continued to possess to modify its ruling upon inspection of the documents and as the evidence at trial was offered (cf., Civil Rights Law § 50-a; People v Harris, 121 AD2d 788, 789, lv denied 68 NY2d 770).
The record indicates there is a likelihood that the documents sought will show the existence of a possible motive on the part of the complainant officer to make an unwarranted arrest and to falsify his testimony (see, People v Gissendanner, 48 NY2d 543, 549; Matter of Rochester Police Dept. v Bergin, 68 AD2d 340, 344). It has been observed that where the outcome of a case turns upon the credibility of the complainant, evidence impacting adversely on his credibility will constitute Brady material (People v Clausell, 182 AD2d 132, 135; see also, United States v Bagley, 473 US 667, 676; Brady v Maryland, 373 US 83). Enforcement of the subpoena in the case at bar would be based upon an adequate factual predicate made in good faith rather than a "desperate grasping at a straw” (People v Gissendanner, supra, at 550; People v Herrera, 131 Misc 2d 96, 97, affd 135 AD2d 830; see also, People v Harris, supra).
It might be further noted that the District Attorney does not take any position herein vis-a-vis the subpoena and that absent from the record is any denial by either him or the Nassau County Police Department that the requested documents were in the possession of said Police Department from which they were sought. Under the circumstances, said documents should be deemed under the control of the prosecutor (see, People v Johnson, 160 Misc 2d 340, 341-342; cf., Matter of County of Nassau v Sullivan, 194 AD2d 236). Issuance of subpoenas duces tecum seeking police records has not historically been limited, moreover, to records originally prepared in connection with criminal investigations (see, e.g., People v Gissendanner, supra; People v Szychulda, 57 NY2d 719).
*210 Irrespective of whether a quota system for driving while intoxicated arrests was in force, we make no findings on the credibility of the complainant officer at the present time (see, Wisconsin v Brown, 107 Wis 2d 44, 318 NW2d 370).
DiPaola, P. J., Collins and Ingrassia, JJ. concur.