■ In the Matter of COUNTY OF NASSAU POLICE DEPARTMENT, Appellant, v KEVIN JUDGE, Respondent. [654 NYS2d 174] —In a proceeding to quash a subpoena duces tecum, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated July 11, 1995, as amended July 13, 1996, which affirmed an order of the District Court of the County of Nassau, First District (Madden, J.), dated June 24, 1994, denying its application to quash the subpoena duces tecum.

Ordered that the order is reversed, on the law, with costs, the application is granted, and the subpoena duces tecum is quashed.

The record indicates that the respondent was arrested on the Long Island Expressway by a Nassau County Highway Patrol Officer and charged, inter alia, with speeding at a rate of 85 miles per hour and driving while intoxicated. Subsequently, the respondent served a subpoena duces tecum on the Police

Department seeking production of internal police directives and orders which, he claimed, established a quota system with regard to the making of arrests for driving while intoxicated, *inter alia,* on the Long Island Expressway.

The District Court denied the Police Department's application to quash the subpoena and the Appellate Term affirmed (*People v Judge,* 166 Misc 2d 207). We reverse.

The respondent has failed to demonstrate that the requested materials are relevant and material to facts at issue in the pending criminal proceeding against him (*cf., Matter of Terry D.,* 81 NY2d 1042; *see also, People v Gissendanner,* 48 NY2d 543; *Matter of Constantine v Leto,* 157 AD2d 376, 378, *affd* 77 NY2d 975).

Moreover, the respondent has not established the existence of a factual predicate which would make it reasonably likely that "documentary information will bear relevant and exculpatory evidence" (*Matter of Constantine v Leto, supra,* at 378; *cf., People v Bryce,* 88 NY2d 124). Apart from offering vague generalities and speculation, the respondent has offered nothing of a particularized nature which would support the claim that the requested materials will bear relevant and exculpatory evidence. Notably, a subpoena may not be used to " ' "fish for impeaching material" ' " (*Matter of Constantine v Leto, supra,* at 378). Under the circumstances presented, the order appealed from should be reversed and the petitioner's application to quash the subpoena granted. Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.