■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CARTER, Appellant. [934 NYS2d 586]—

Stein, J.

Defendant, while incarcerated in the Elmira Correctional Facility in Chemung County, was involved in an altercation with another inmate after returning from a medical "run." Defendant was placed up against a wall as correction officers attempted to break up the fight. It was at that time that correction officer Kirby Bunnell observed that defendant's hand was clenched and ordered defendant to "drop it." Defendant opened his hand, whereupon Bunnell saw and heard something fall and hit the floor. Bunnell placed his foot on top of the item and, within moments, retrieved a 7 to 7 1/2-inch, sharpened, clear Plexiglas shank. Defendant was indicted and convicted, after a jury trial, of one count of promoting prison contraband in the first degree. Defendant now appeals and we affirm.

Defendant's sole argument on appeal is that the verdict was against the weight of the evidence. As relevant here, "[a] person

is guilty of promoting prison contraband in the first degree when . . . he [or she] knowingly and unlawfully . . . possesses any dangerous contraband" (Penal Law § 205.25). Defendant's weight of the evidence argument centers around the proof that he knowingly possessed the shank. Defendant first contends that Bunnell's testimony is implausible that he did not notice the shank in defendant's possession while he was returning defendant to his cell or during the ensuing altercation until defendant was secured against a wall. We disagree. Since the shank—which was received in evidence at trial—was made of clear Plexiglas, the jury was entitled to infer that it was not noticeable prior to or during the fight because it was transparent and blended in with the background. In addition, considering Bunnell's testimony that defendant entered and then immediately exited his cell just prior to the altercation, the jury could have inferred that he retrieved the shank at that time.

Nor do we find merit to defendant's contention that certain inconsistencies between Bunnell's trial testimony and the written misbehavior reports that he authored regarding the incident or between his testimony and the eyewitness testimony of correction officer Jeremy Taylor were so significant as to require that the verdict be set aside; notably, such inconsistencies were highlighted to the jury (*see People v Gilliam*, 36 AD3d 1151, 1152 [2007], *lv denied* 8 NY3d 946 [2007]; *People v Moore*, 17 AD3d 786, 789 [2005], *lv denied* 5 NY3d 785 [2005]). Moreover, Bunnell testified not only to seeing something in defendant's hand after an altercation with another inmate and ordering him to drop it, but also to seeing and hearing something drop to the floor, covering the item with his boot and recovering the shank from beneath it. Much of Bunnell's testimony was corroborated by Taylor, and defendant presented no conflicting evidence or testimony. Even if a different finding would not have been unreasonable, viewing the evidence in a neutral light and deferring to the jury's superior position to determine witness credibility, the jury could conclude beyond a reasonable doubt that defendant knowingly possessed the shank, and we do not find that the jury failed to accord the evidence its proper weight (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Breedlove*, 61 AD3d 1120, 1121 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Sidbury*, 24 AD3d 880, 880-881 [2005], *lv denied* 6 NY3d 818 [2006]).

Defendant's remaining contentions have been considered and found to be without merit.

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.