*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                107086
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

MICHAEL BRIGGS,
                    Appellant.
_____

Calendar Date:   March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Catherine A. Barber, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered August 29, 2014, convicting
defendant upon his plea of guilty of the crimes of murder in the
second degree and attempted burglary in the second degree.

        On January 1, 2013, the victim, an 82-year-old former nun,
was discovered in her apartment lying in a pool of blood with a
kitchen knife protruding from her neck.  She died as a result of
asphyxiation caused by strangulation, but had also been stabbed
and violently attacked prior to her death under circumstances
suggesting that she had interrupted a burglary.  Defendant, who
had absconded from parole supervision, was arrested and charged
in an indictment with multiple crimes, including murder in the
first degree, arising from this tragic event.  He was assigned

counsel and, upon counsel's advice, pleaded guilty to murder in the second degree and attempted burglary in the second degree in satisfaction of the indictment.[1] He also waived his right to appeal, both orally and in writing.

New counsel was subsequently assigned and defendant moved to withdraw his guilty plea. County Court denied the motion. Thereafter, a hearing was conducted concerning the validity of defendant's prior convictions. At the hearing, defendant withdrew his challenge to the constitutionality of these convictions and County Court ruled that he would be sentenced as a second felony offender. In accordance with the plea agreement, he was sentenced as a second felony offender to consecutive prison terms of 25 years to life on the murder conviction and five years on the attempted burglary conviction, the latter of which was to be followed by five years of postrelease supervision. Defendant now appeals.

Initially, defendant contends that he was deprived of the effective assistance of counsel by both of the attorneys who were assigned to represent him during the course of the proceedings. He maintains that his first assigned counsel improvidently advised him to enter a plea of guilty and that his second assigned counsel failed to properly contest the validity of his prior convictions, which affected the period of postrelease supervision that he would receive on the attempted burglary conviction under the terms of the plea agreement. To the extent that defendant's ineffective assistance claims impact the voluntariness of his guilty plea, they were properly preserved by his motion to withdraw the plea (see People v Moore, 97 AD3d 850, 851 [2012]; compare People v Bethea, 133 AD3d 1033, 1034 [2015]).

Turning to the merits, we note that, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness

---

[1] Defendant was initially represented by the Schenectady County Conflict Defender's office before assigned counsel was substituted to represent defendant.

of counsel" (<u>People v Nieves</u>, 89 AD3d 1285, 1286 [2011] [internal quotation marks and citation omitted]; <u>see</u> <u>People v Vonneida</u>, 130 AD3d 1322, 1322 [2015], <u>lv denied</u> 26 NY3d 1093 [2015]; <u>People v Jenkins</u>, 130 AD3d 1091, 1091 [2015]). Here, defendant's first assigned counsel zealously represented him during the course of a combined <u>Huntley/Wade</u> hearing that took five days to complete and made appropriate pretrial motions. He based his plea recommendation upon the overwhelming evidence of defendant's guilt and secured a favorable plea that exposed defendant to a lesser sentence than he would have received if he was convicted after trial. Notably, defendant expressed his satisfaction with counsel's representation at the time of entering his plea. Under the circumstances presented, we find that defendant's first assigned counsel provided him with meaningful representation (<u>see</u> <u>People v Beekman</u>, 134 AD3d 1355, 1357 [2015]; <u>People v Burns</u>, 133 AD3d 1045, 1047-1048 [2015]).

Defendant's second assigned counsel appeared on his behalf at the hearing to consider the validity of two prior convictions from Nassau County that provided the basis for his status as a second felony offender. A review of the hearing transcript discloses that, during an off-the-record discussion with counsel, defendant indicated that he did not wish to challenge the constitutionality of his prior convictions in County Court, but would pursue this remedy in another court. Defendant confirmed the substance of this discussion on the record and then admitted that he was the same person convicted in Nassau County of the crimes of robbery in the first degree and burglary in the first degree. Thus, he waived any challenge to the constitutionality of his prior convictions (<u>see</u> <u>People v Provencher</u>, 72 AD3d 1128 [2010]; <u>People v Crippa</u>, 245 AD2d 811, 812 [1997], <u>lv denied</u> 92 NY2d 850 [1998]) and, under the circumstances presented, there is nothing to indicate that his second assigned counsel was ineffective in recommending that he do so.

Defendant's assertion that he was not aware of the period of postrelease supervision that would be imposed on the attempted burglary conviction based upon his status as a second felony offender is simply not supported by the record. During the plea proceedings, County Court specifically advised defendant that, under the terms of the plea agreement, five years of postrelease

supervision would be imposed upon the attempted burglary conviction given his two prior violent felony convictions, and defendant communicated his understanding to the court. Accordingly, defendant entered his guilty plea knowing the full implications of his status as a second felony offender.

Defendant's final contention that the sentence is harsh and excessive is precluded by his valid waiver of the right to appeal (see People v Brasmeister, 136 AD3d 112, 113 [2016]).

Lahtinen, J.P., McCarthy, Rose and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court