Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 22, 2016                106053
                                                       108080
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JOE DARRELL,
                        Appellant.
_____

Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

_____

        Todd G. Monahan, Schenectady, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

_____

Garry, J.

        Appeals (1) from a judgment of the County Court of Clinton
County (McGill, J.), rendered July 23, 2013, convicting defendant
upon his plea of guilty of the crime of promoting prison
contraband in the first degree, and (2) by permission, from an
order of said court, entered December 10, 2015, which denied
defendant's motion pursuant to CPL 440.10 to vacate the judgment
of conviction, without a hearing.

        Defendant, an inmate, was charged with criminal possession
of a weapon in the third degree and promoting prison contraband
in the first degree after he was found to be in possession of a
scalpel during intake processing at the correctional facility.
While being processed, defendant set off the metal detector and a

metal detection chair twice alerted to the presence of metal on his person, and he admitted that he had a scalpel which was later recovered during a strip search. Defendant's motion to suppress his statements was denied following a Huntley hearing, as was his request for the personnel records of one of the correction officers who retrieved the weapon during the strip search. Pursuant to a plea agreement that included a waiver of appeal, defendant pleaded guilty to promoting prison contraband in the first degree in exchange for a prison sentence of 2 to 4 years to run consecutively to his current sentence, as a second felony offender. Defendant's subsequent motion to vacate the judgment of conviction was denied. He now appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate.

Initially, defendant's oral waiver of appeal, which was unaccompanied by a written waiver, is not valid, as County Court failed to adequately convey that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]). However, his claims that his guilty plea was not voluntary and that counsel failed to provide effective assistance are unpreserved for review on direct appeal, as the record does not disclose that he made a postallocution motion to withdraw his plea on this ground (see CPL 220.60 [3]). Moreover, he made no statements during the plea allocution that negated an element of the crime or otherwise called into doubt his guilt or the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Beverly, 140 AD3d 1400, 1401 [2016], lvs denied 28 NY3d 927, 933 [2016]). Were we to address these claims, we would find that the plea was knowingly, voluntarily and intelligently entered with the aid of meaningful representation (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Briggs, 138 AD3d 1355, 1356 [2016], lv denied 28 NY3d 927 [2016]).

Next, defendant argues that due to an alleged defect or error in count two of the indictment, to which he pleaded guilty,

he did not receive fair notice of the charge against him, requiring that his plea be vacated. While the charge specified that the dangerous contraband unlawfully possessed consisted of a "sharpened toothbrush," the People moved to amend the indictment to replace the specified contraband with a "scalpel-type" weapon;[1] the record does not reflect that defendant responded to that motion. However, by entering a knowing and voluntary guilty plea in which he admitted possessing a sharpened toothbrush, aware that this motion was pending, defendant forfeited any claim that there was a defect in the indictment or that the motion should have been granted (see People v Cooper, 88 AD3d 1009, 1011 [2011], lv denied 17 NY3d 952 [2011]; People v Brown, 75 AD3d 655, 656 [2010]; People v Trank, 58 AD3d 1076, 1077 [2009], lv denied 12 NY3d 860 [2009]). While a plea does "not waive jurisdictional defects in [the] indictment, an indictment is jurisdictionally defective only if the acts alleged to have been performed by the defendant do not constitute an actual crime" (People v Hall, 125 AD3d 1095, 1096 [2015] [internal quotation marks and citation omitted]). Here, the indictment specified the Penal Law section under which defendant was charged and alleged all of the elements of the crime,[2] and sharpened objects capable of use as a weapon constitute dangerous contraband (see Penal Law § 205.00 [4]; see e.g. People v Carter, 90 AD3d 1159, 1159-1160 [2011]; People v Aponte, 60 AD3d 1199, 1200 [2009]; People v DePolanco, 267 AD2d 777, 778 [1999], lv denied 94 NY2d 902 [2000]). Thus, the charge to which defendant pleaded guilty is a crime and the indictment was not jurisdictionally defective and was sufficient to apprise defendant of the charge (see People v Brown, 75 AD3d at 656; cf. People v Hurell-Harring, 66 AD3d 1126, 1127-1128 [2009]).

---

[1] The People's motion was based upon the evidence presented to the grand jury. The grand jury minutes are not in the record on appeal and, accordingly, the record does not establish that there was a defect or error in the indictment.

[2] The precise object possessed is not an element of the crime (see Penal Law § 205.25 [2]).

Defendant also challenges County Court's denial, following a Huntley hearing, of his motion to suppress his inculpatory statement to the correction officer who was processing him into the facility when the metal was detected. The hearing testimony established that as defendant and other inmates were being processed for admission into the facility by one correction officer, defendant activated multiple metal detectors. In response to the officer's inquiry, defendant initially denied that he had anything on him but then admitted that he had a "scalpel between his butt cheeks." While defendant did not receive Miranda warnings at that point, "Miranda warnings are only required prior to questioning an inmate in a prison setting where the circumstances of the detention and interrogation . . . entail added constraint that would lead a prison inmate reasonably to believe that there has been a restriction on that person's freedom over and above that of ordinary confinement in a correctional facility" (People v Hadfield, 119 AD3d 1224, 1226 [2014] [internal quotation marks and citation omitted], lv denied 24 NY3d 1002 [2014]). Here, defendant was not shackled or isolated and was undergoing routine group intake processing, which we find "analogous to the relatively brief, generally public, or otherwise on-the-scene investigatory detentions in nonprison settings found not custodial for Miranda purposes" (People v Alls, 83 NY2d 94, 100 [1993], cert denied 511 US 1090 [1994]). As there was no proof of any additional constraint beyond that which would be routine in a correctional facility, this was not a custodial interrogation requiring Miranda warnings, and the motion was properly denied (see id.; People v Hadfield, 119 AD3d at 1226; People v Passino, 53 AD3d 204, 205-206 [2008], affd 12 NY3d 748 [2009]).

Defendant further contends that County Court erred in denying his request pursuant to Civil Rights Law § 50-a for an in camera inspection of the personnel records of the correction officer involved in the retrieval of the contraband to determine if there were prior complaints by inmates. This provision authorizes disclosure of confidential records upon "a clear showing of facts sufficient to warrant the judge to request records for review" (Civil Rights Law § 50-a [2]). To avoid "fishing expeditions" (Matter of Dunnigan v Waverly Police Dept.,

279 AD2d 833, 834 [2001] [internal quotation marks and citation omitted], lv denied 96 NY2d 710 [2001]), the party seeking disclosure must demonstrate, "in good faith, some factual predicate warranting the intrusion" (People v Harris, 121 AD2d 788, 789 [1986] [internal quotation marks and citation omitted], lv denied 68 NY2d 770 [1986]; accord Matter of Dunnigan v Waverly Police Dept., 279 AD2d at 834; see Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 155-157 [1999]).  Defendant's generalized request and later unsupported allegation, solely through an unsworn letter of counsel, that the officer had engaged in improper conduct and thereafter planted the contraband on his person, failed to establish any good faith, factual basis supporting this request.  Accordingly, we find no abuse of discretion in the denial of this application (see People v Harris, 121 AD2d at 789).

Finally, County Court properly denied defendant's motion to vacate the judgment of conviction.  His claims regarding the alleged defect in the indictment and the denial of his motions to suppress and for in camera review of the correction officer's personnel file were appealable are based entirely upon the facts in the record and have been fully reviewed and determined to be without merit on his direct appeal herein (see CPL 440.10 [2]; People v Beckingham, 116 AD3d 1298, 1299 [2014], lv denied 13 NY3d 742 [2009]; People v Anderson, 104 AD3d 968, 972 [2013], lvs denied 21 NY3d 1013, 1016 [2013]).  Likewise, defendant's claim that counsel was ineffective for failing at the Huntley hearing to call the correction officer who retrieved the contraband from defendant's person and who was not present during the intake processing is belied by the record on direct appeal (see CPL 440.10 [2] [c]; 440.30 [4] [d]).  The transcript reflects that defendant himself made this request at the hearing, which the court denied based upon the representation of the People that they would not seek to introduce defendant's statements to this correction officer at trial.  Defendant's assertion that counsel was remiss in not requesting a Mapp/Dunaway hearing to challenge the legality of the search and the identity of the confiscated contraband was not raised on direct appeal, although sufficient facts appear on the record to have permitted such review (see CPL 440.10 [2] [c]); as such, this issue is also not the proper

subject of a postverdict motion to vacate.  Notably, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Briggs, 138 AD3d 1355, 1356 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 927 [2016]).  As this and the remaining contentions are wholly unsupported by any affidavits or documentary evidence (see CPL 440.30 [1], [4] [b]), the motion was properly denied.

        Peters, P.J., Devine, Mulvey and Aarons, JJ., concur.



        ORDERED that the judgment and order are affirmed.




                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court