OPINION OF THE COURT Mary L. Bejarajnto, J. The defendant is charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), and unlawful possession of a knife (Administrative Code of City of NY § 10-133 [b]). By motion filed on July 18, 2017, the defendant seeks, pursuant to Civil Rights Law § 50-a (2) and Criminal Procedure Law § 610.25, the issuance of a subpoena duces tecum for and an in camera inspection of Civilian Complaint Review Board (CCRB) and New York City Police Department (NYPD) personnel records pertaining to Officer Santiago, the arresting officer in this case.[1] The People did not file a response to this motion. The NYPD submitted an affirmation in opposition to defendant’s motion for a subpoena duces tecum. The CCRB declined to intervene in this matter. Subsequently, the defendant filed a reply to NYPD’s opposition to his motion for a subpoena duces tecum. Civil Rights Law § 50-a (1) provides that police personnel records are “confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order.” Further, “[p]rior to issuing such court order the judge must review all such requests and give interested parties the opportunity to be heard. No such order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review” (Civil Rights Law § 50-a [2]). After which, a court may issue an order directing the records to be sealed and sent to the judge for an in camera review, and order disclosure of any records found to be relevant and material (Civil Rights Law § 50-a [2], [3]). Therefore, as an initial matter, before this court may consider the merits of the defendant’s motion for a subpoena duces tecum, interested parties must first be given an opportunity to be heard (Civil Rights Law § 50-a [1]). Here, it is undisputed that the NYPD, CCRB, and the police officer whose records are sought are all interested parties. The NYPD received notice of defendant’s motion on July 19, 2017, and filed an opposition. Likewise, the CCRB acknowledged receipt of defendant’s motion and declined to intervene. Finally, the defendant filed with the court an affidavit of service, affirming that on July 19, 2017 the defendant’s motion was accepted by a clerk at the 52nd Precinct. The affidavit of service also provides confirmation that Officer Santiago worked at the 52nd Precinct at the time of service. Therefore, the court finds that the affidavit of service constitutes prima facie evidence of proper service upon the officer at his actual place of business (Civil Rights Law § 50-a [2]; see Rivera v Banks, 135 AD3d 621 [1st Dept 2016]; Frisillo v State of New York, 185 AD2d 616 [4th Dept 1992] [strict rules of service are not necessarily applicable to these motions]; Jiminez v City of New York, 5 AD3d 182 [1st Dept 2004] [service at Department of Correction headquarters was improper, where the individually named correction officers worked at Rikers Island]). Turning to the merits of defendant’s application, Civil Rights Law § 50-a (2) requires a “clear showing of facts sufficient to warrant the judge to request records for review.” This requirement is designed to eliminate fishing expeditions into police personnel records for collateral materials sought to impeach the officer’s “general credibility.” (Zarn v City of New York, 198 AD2d 220 [2d Dept 1993].) The Court of Appeals in People v Gissendanner (48 NY2d 543, 547-548 [1979]), while recognizing “tension between the constitutionally based rights of an accused to confront and cross-examine adverse witnesses . . . and the interest of the State and its agents in maintaining confidential data relating to performance and discipline of police,” set forth a framework for analyzing a defendant’s application to subpoena police records under Civil Rights Law § 50-a. In striking a balance between the two competing interests, the Court held that a defendant, in making such an application, must set forth in good faith “some factual predicate which would make it reasonably likely that the file” will contain “information that carries a potential for establishing the unreliability of either the criminal charge or of a witness upon whose testimony it depends.” (Id. at 550.) This requirement must be viewed liberally, as “a party seeking discovery will . . . not know precisely what pertinent information is within a personnel record; thus, a strict reading would render the statute meaningless” (Cox v New York City Hous. Auth., 105 AD2d 663, 664 [1st Dept 1984]). Here, the defendant contends that Officer Santiago’s personnel records are material and relevant. In support of his application, defendant attached as exhibits the complaints from three settled or pending civil lawsuits filed against the City of New York and NYPD officers, including Officer Santiago. The defendant contends that the sworn allegations of fact in each civil lawsuit show a pattern of misconduct by Officer Santiago similar to the circumstances surrounding his own arrest. The NYPD argues that the defendant has failed to put forth any factual allegations showing a real and reasonable likelihood that the documents sought contain relevant, material, and exculpatory information. Additionally, the NYPD argues, the three pending or settled civil suits should not bear any relevance to the court’s determination because they are not admissions of guilt on the part of the officer. We disagree with the NYPD’s contention that pending and settled matters are irrelevant to Gissendanner motions. In People v Garrett (23 NY3d 878 [2014]), the Court of Appeals concluded that allegations in a federal lawsuit that favored the defendant’s false confession theory were favorable to defendant as impeachment evidence. In People v Smith (27 NY3d 652, 661 [2016]), the Court of Appeals found that, if relevant to the witness’s credibility, “a police witness’s prior bad act that . . . has not been proved in a criminal prosecution or other court proceeding . . . can be proper fodder for cross-examination.” While Garrett deals with the disclosure of civil suits as impeachment evidence, and Smith deals with impeachment of unproven allegations in civil suits, these cases do not treat proven and unproven allegations in civil suits differently. In fact, the principles delineated by these and related cases “share the common thread of rationalizing the propriety of disclosure of otherwise confidential information protected by Civil Rights Law § 50-a” (People v Simmons, 57 Misc 3d 990, 994 [Monroe County Ct 2017]; see also People v Puglisi, 44 NY2d 748, 749 [1978]; People v Gissendanner, 48 NY2d 543, 549 [1979] [a narcotics case, the Court of Appeals held that it was an error to refuse disclosure to defense counsel, for impeachment, an officer’s disciplinary file where “defense counsel had information that (the) undercover officer who testified had improperly handled previous ‘buys’ ”]). Therefore, this court, being mindful of the above legal framework and its constitutional underpinnings, finds that allegations of misconduct in pending or settled civil suits against an officer may be considered in a court’s analysis of Gissendanner motions. Additionally, a number of courts have found an in camera inspection was warranted when the federal cases did not result in a finding or acknowledgment of wrongdoing (see e.g. People v Francis, 149 Misc 2d 693 [Sup Ct, Monroe County 1991]). However, that is not to suggest that in every criminal case where the subject officer has pending and/or settled civil suits against him a subpoena for his personnel records is appropriate. The defendant must also establish that there is a tenable nexus between the officer’s alleged misconduct in the civil suit and the alleged misconduct in the defendant’s criminal case. (See Smith, 27 NY3d at 666; People v Lugo, 93 Misc 2d 195, 199 [Crim Ct, NY County 1978] [personnel records of a police officer should not be examined by a magistrate prosecutor or defense counsel each time an arrest is made].) For example, in People v Calderon (48 Misc 3d 1226[A], 2015 NY Slip Op 51273[U] [Sup Ct, NY County 2015]), the factual predicate was satisfied where the civil suit alleged the officer fabricated testimony as to the conduct of an individual he arrested under circumstances similar to those in the defendant’s case. By contrast, the court in People v Dixon (51 Misc 3d 1208[A], 2016 NY Slip Op 50456[U] [Crim Ct, Kings County 2016]), while denying defendant’s application for insufficient service, noted that the defendant failed to make a specific allegation of misconduct to which the court might compare the acts of misconduct alleged in those federal lawsuits and find similarity. Here, in all three lawsuits referred to by the defendant, Officer Santiago is accused of either excessive force or false arrest. In the lawsuit by Rahmeek Younger, the civil complaint alleges that, during Mr. Younger’s arrest, this officer and another officer used excessive force in that the officers physically assaulted and battered the plaintiff, causing injuries.[2] In Arnold Green’s civil complaint, it is alleged that the subject officer and another officer approached the plaintiff without probable cause and falsely charged him with obstruction of governmental administration.[3] In John Meador’s civil complaint, it is alleged that subject officer and other officers illegally entered Mr. Meador’s premises without a warrant, seizing his property and falsely arresting him.[4] In this case, the defendant alleges that the officer used excessive force during a false arrest of the defendant. Specifically, the defendant contends that he was fleeing from the sound of gunshots when Officer Santiago and other officers chased and tackled him to the ground, causing the defendant to sustain bruising and substantial pain. The officer then accused the defendant of possessing a gravity knife, which the defendant denies possessing and claims was in the area. The defendant’s allegations of the officer’s misconduct, though meager, are sufficient to evoke a theory of defense that is supported by allegations of excessive force and false arrest in the civil suits against the officer (compare People v Bledsoe, 53 Misc 3d 1205[A], 2015 NY Slip Op 52005[U] [Sup Ct, Queens County 2015] [no nexus between a complaint of excessive force which was substantiated by the CCRB and the officer’s observations of the defendant’s intoxication on the date of his arrest]). Additionally, it is likely that the defendant’s criminal charges hinge on the testimony of this officer, who recovered the gravity knife and effectuated the arrest (see People v Calderon, 2015 NY Slip Op 51273 [U], *2 [narcotics detective was the key witness in defendant’s trial]; People v Morales, 97 Misc 2d 733 [Crim Ct, NY County 1979]). Hence, it is not mere speculation or surmise that the officer’s records may contain information bearing on the unreliability of either the criminal charges or his testimony on which they depend (see People v Vasquez, 49 AD2d 590, 591 [2d Dept 1975] [trial court in a narcotics case should have reviewed in camera the personnel records of a police officer who was subsequently convicted of “shaking down” narcotics dealers]). Therefore, viewing the threshold requirement in Civil Rights Law § 50-a (2) liberally, the court finds that the defendant has demonstrated, in good faith, that the officer’s personnel records “would make it reasonably likely that the file will bear [relevant and material information] and that the quest for its contents is not merely a desperate grasping at a straw” (Gissendanner, 48 NY2d at 550; compare People v Harris, 121 AD2d 788 [3d Dept 1986] [no factual support for defendant’s contention that he reacted in self-defense when he struck prison guards knowing that guards had history of assaulting inmates without provocation]). Therefore, the defendant’s motion to subpoena records of the CCRB and NYPD is granted. The defendant shall submit a subpoena, to the attention of Judge Mary L. Bejarano, Part AP2, Bronx Criminal Court, for the court’s signature within 10 days of the date of this decision. As such, upon an in camera review of the officer’s personnel records, the court shall permit disclosure of only relevant and material information (Civil Rights Law § 50-a [3]). . On the same date, the defendant filed three other motions seeking dismissal of the charges. Those decisions will be rendered separately from the instant motion. . Younger v City of New York. . Green v City of New York. . Meador v City of New York.